IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:18-CR-274-O |
| LISA BROWN | |

## PLEA AGREEMENT

Lisa Brown ("Defendant"), Brook Antonio ("Defendant's attorney"), and the United States of America ("Government") agree as follows:

1. **Rights of the defendant**: Brown understands that she has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Brown waives these rights and pleads guilty to the offense alleged in Count One of the indictment charging a violation of 18 U.S.C. § 641, Theft of Government Funds. Brown understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for Count One include:

    a. imprisonment for a period of not more than 1 year;

    b. a fine not to exceed $100,000;

    c. a term of probation of not more than five years;

    d. a term of supervised release of not more than one year, which may follow any term of imprisonment. If Brown violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    e. a mandatory special assessment of $25;

    f. restitution to victims or to the community, which Brown agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    g. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Brown understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Brown has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends a term of probation of at least four years in this case. However, Brown understands that this recommendation is not binding on the Court, and she will not be allowed to withdraw her plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court

departs from the applicable guideline range. Brown fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Brown agrees to pay to the U.S. District Clerk the amount of $25, in satisfaction of the mandatory special assessment in this case.

6. **Restitution:** Brown agrees to make restitution in the amount of $27,936, payable to the U.S. District Clerk for the Northern District of Texas to be disbursed to:

> Social Security Administration
> Debt Management Section
> Attn: Court Refund
> P.O. Box 2861
> Philadelphia, PA 19122
> Reference SSA Case Number: DAL-1700044-I

This agreement also does not prevent any civil or administrative actions against Brown-including but not limited to the withholding of current or future Social Security benefits otherwise payable to Brown-or any forfeiture claim against any property, by the United States or any other party.

7. **Defendant's agreement:** Brown shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Brown shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Brown expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Brown fully understands that any

financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Brown agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Brown's full and immediately enforceable financial obligation. Brown understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Government's agreement**: The Government will allow Brown to plead guilty to a misdemeanor offense of 18 U.S.C. § 641, Theft of Government Funds. The Government will not bring any additional charges against Brown based upon the conduct underlying and related to Brown's plea of guilty. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The Government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Brown or any property.

9. **Violation of agreement**: Brown understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Brown for all offenses of which it has knowledge. In such event, Brown waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Brown also waives objection to the use against her of any information or statements she has provided to the Government, and any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence:** Brown waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction, sentence, fine, and order of restitution or forfeiture in an amount to be determined by the district court. She further waives her right to contest her conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Brown, however, reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel:** Brown has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Brown has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Brown has

concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

Agreed to and signed this __8__ day of January, 2019.

_____
Brian MacKay
Deputy Section Chief

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
Danielle R. Jones
Special Assistant United States Attorney
Missouri State Bar No. 58996
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Tel: 214-659-8787
Fax: 214-659-8809
Email: Danielle.Jones2@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   1/8/19
Lisa Brown                         Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____   1/8/19
Brook Antonio                      Date
Attorney for Defendant

Plea Agreement—Page 7